UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| LOUIS ATTANASIO, | ) | CASE NO.4:13 CV 1954 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES DEPT. JUSTICE BOP, | ) | |
| | ) | |
| Respondent. | ) | |


On July 18, 2013, *pro se* petitioner Louis Attanasio filed a habeas corpus action against the "United States Department of Justice BOP" in the United States District Court for the Eastern District of New York. *See Attanasio v. United States Dept. Justice*, No. CV13-4154 (E.D. NY 2013). Mr. Attanasio, an inmate confined at the Elkton Federal Correctional in Lisbon, Ohio (F.C.I. Elkton), sought relief pursuant to 28 U.S.C. §2241. As such, District Court Judge Nicholas G. Garaufis issued an Order on September 3, 2013 transferring the petition to this Court based on a lack of personal jurisdiction in the Eastern District of New York. The matter is now before this Court for review.

Mr. Attanasio seeks a modification of the Judgment and Commitment (J&C) issued by Judge Garaufis in 2006. He asserts the Bureau of Prisons (BOP) is improperly executing his sentence because the trial court erroneously sentenced him under the Sentencing Reform Act of 1984. For

the reasons set forth below, the petition is dismissed.

*Background*

In 2003, Mr. Attanasio was indicted in the United States District Court for the Eastern District of New York. *See United States v. Rizzuto*, No. 1:03cr1382 (E.D. NY filed Dec. 31, 2003). The indictment charged him with one count of racketeering conspiracy in violation of 18 U.S.C. §§ 1962(d), 1963 and 3551 *et seq*., and two counts of conspiracy to extortionate the collection and extension of credit in violation of 18 U.S.C. 892(a)(1) & 894(a)(1). A superceding indictment was filed on January 20, 2004.

On September 20, 2006, Mr. Attanasio pleaded guilty to Count One of the superceding indictment--- racketeering conspiracy in violation of 18 U.S.C. § 1962(d). On the same date, Judge Garaufis imposed a 180 months sentence, followed by 3 years of supervised release. The J&C included the following statement: "The sentence is imposed pursuant to the Sentencing Reform Act of 1984." (Doc. No. 928 at 1). A Special Assessment of $100.00 was also imposed and Mr. Attanasio was immediately remanded to the custody of the United States Marshal. There is no record or allegation that Mr. Attanasio filed a direct appeal or collateral claim.

Five years after Mr. Attanasio's sentence was imposed he filed a Request for Administrative Remedy at F.C.I. Elkton. Arguing the J&C did not include the date on which his involvement with the conspiracy ended, Mr. Attanasio claimed the BOP was improperly relying on his arrest date "for calculation of my sentence." *Attanasio*, No. 4:13cv1954 (Doc. No. 5 at 28.) He claimed most of his criminal activity occurred before the enactment of the SRA and, therefore, he should have been sentenced under pre-SRA law. The BOP denied his request at every administrative level. At the final stage, the Central Office advised Mr. Attanasio that it was reasonable for the BOP to assume

his participation in the conspiracy only ended when he was arrested on December 29, 2004. Moreover, he noted that the J&C reflected that his sentence was imposed pursuant to 18 U.S.C. § 3553(a), and included a supervised release term.

In his Petition before this Court, Mr. Attanasio raises three claims for relief: (1) the sentence imposed by Judge Garaufis violates the Ex Post Facto clause of the Constitution; (2) the sentence violates the General Savings statute, 1 U.S.C. § 109; and, (3) the BOP's refusal to execute his sentence under pre-SRA provisions, or the "old law," is an incorrect interpretation of sentencing law.

The essence of Mr. Attanasio's argument relies on his assertion that his guilty plea to racketeering "subsumed two racketeering charges; a murder conspiracy which dated from April 1984 to May 1984; and an extortion charges which dates January 1980 to December 2000." (Doc. No.5 at 16.) Citing *United States v. Butt*, 955 F.2d 77 (1st Cir. 1992), Mr. Attanasio notes that courts have generally held, under the United States Sentencing Guidelines ("the Guidelines"), that a base offense level for a particular crime includes those characteristics "considered by Congress to inhere in the crime at issue." *Id.* From this he concludes that a base offense level calculated under the Guidelines does not include any particular offense characteristics. Instead, he argues the offense characteristics must be discerned from the predicate racketeering acts.

Under the Guidelines scheme, Mr. Attanasio maintains that his RICO offense involving a homicide is punished far more severely than a simple extortion charge. As such, he concludes it would be a violation of Ex Post Facto laws to "retroactively" sentence him under the provisions of the SRA because the predicate acts of his crime allegedly occurred before the SRA went into effect.

In his second claim, Mr. Attanasio asserts a violation of the Federal Saving Statute Act of

1871. The Saving Statute provides "that a new criminal statute that "repeal[s]' an older criminal statute shall not change the penalties 'incurred' under that older statute 'unless the repealing Act shall so expressly provide.'" *Dorsey v. United States*, __U.S.__132 S.Ct. 2321 (2012) (quoting 1 U.S.C. § 109). A penalty is "incurred" under the older statute "when an offender becomes subject to them, i.e., commits the underlying conduct that makes the offender liable. *See United States v. Reisinger*, 128 U.S. 398, 401, 9 S.Ct. 99, 32 L.Ed. 480 (1888); *Great Northern R. Co. v. United States*, 208 U.S. 452, 464–470, 28 S.Ct. 313, 52 L.Ed. 567 (1908)." *Id.* Citing *Bradley v. United States*, 410 U.S. 605 (1973), Mr. Attanasio argues that an individual must be sentenced under the law in effect at the time the offense occurred in order to give effect to the meaning of the Saving Statute.

Finally, Mr. Attanasio states the BOP made an incorrect legal determination. He claims it was improper for the BOP to believe his sentence was imposed under the SRA because "the lions-share of punishment in this case, began, and, as the BOP itself terms it, 'discontinue[d]' in May, 1984. Although not express on the plea agreement, the begin and end-dates of the conspiracy (Racketeering Act 10), are shown on the criminal indictment and indicate that the conspiracy began in April, 1984, and ended in May, 1984." (Doc. No. 5 at 26.) He suggests that, as a matter of law, his sentence had to be imposed based on pre-SRA provisions. Otherwise, the sentence would clearly violate ex post facto laws. Mr. Attanasio seeks an Order directing the BOP to impose a pre-SRA sentence, because the sentencing court should have "allowed or organized the sentences in such a way as to avoid ex post facto considerations." *Id.*

*Initial Review*

This matter is before the Court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No.

02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970)(citations omitted). Mr. Attanasio has not met his burden.

## *28 U.S.C. § 2241*
### *Jurisdiction*

A district court shall direct a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243; *see Braden v. 30th Judicial Circuit Ct. of Ky.,* 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody"). Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. *Braden*, 410 U.S. at 495. To evaluate jurisdiction, a court must first identify the petitioner's custodian and then determine whether it has personal jurisdiction over that custodian.

The Sixth Circuit has joined several other courts of appeals in holding that a prisoner's proper custodian for purposes of habeas review is the warden of the facility where he is being held. *See Vasquez v. Reno*, 233 F.3d 688, 693 (6th Cir. 2000)(alien seeking writ of habeas corpus contesting legality of his detention required to name as respondent individual having day-to-day control over facility in which he was being detained, not Attorney General, absent extraordinary circumstances); *see e.g., United States v. Moussaoui*, 365 F.3d 292, 300 (4th Cir. 2004)(relevant question is not whether the district court can serve the witnesses, but rather whether court can serve the custodian); *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir.1992); *Blango v. Thornburgh*, 942 F.2d

1487, 1491-92 (10th Cir.1991) (per curiam); *Brennan v. Cunningham*, 813 F.2d 1, 12 (1st Cir.1987); *Monk v. Secretary of Navy*, 793 F.2d 364, 368-69 (D.C.Cir.1986); *Billiteri v. United States Bd. of Parole*, 541 F.2d 938, 948 (2d Cir.1976); *Jones v. Biddle*, 131 F.2d 853, 854 (8th Cir.1942). Therefore, the warden is the proper custodian because he has day-to-day control over the petitioner and is able to produce the latter before the habeas court. *Blango*, 942 F.2d at 1492 n. 10; *Guerra*, 786 F.2d at 416.

At the time Mr. Attanasio filed this pleading he was incarcerated at F.C.I. Elkton. Therefore, his custodian, and the proper respondent in this action, is the warden at F.C.I. Elkton. Although Mr. Attanasio improperly named the BOP as respondent, the matter was properly transferred to this Court because F.C.I. Elkton is within this judicial district. Accordingly, the Court has personal jurisdiction over Mr. Attanasio's custodian. *See* 28 U.S.C. § 2241.

*Challenges to Execution of Sentence*

Claims seeking to challenge the execution or manner in which a sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). As Mr. Attanasio's petition attacks the manner in which the BOP is executing his sentence, this Court has subject matter jurisdiction over that claim.

After a district court sentences a federal offender, it is the Attorney General, through the BOP, who has the responsibility for administering the sentence. *See* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). The scope of the BOP's authority is

administrative and it can only adjust a term of imprisonment based on credits earned while incarcerated. *See United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001)("Power to grant credit for time served lies solely with Attorney General and Bureau of Prisons.")

The thrust of Mr. Attanasio's claim regarding the BOP's allegedly improper execution of his sentence presupposes the J&C is incorrect. His argument suggests the BOP is obligated to execute his sentence based on the assumption that it was imposed under pre-SRA provisions. As the BOP noted, however, the J&C clearly indicates he was sentenced under the SRA. Although the indictment to which Mr. Attanasio repeatedly refers is sealed, but the docket shows he pleaded guilty to racketeering conspiracy. There is no discussion or reference on the J&C to the 1984 homicide Mr. Attanasio believes is the core of his conviction. Thus, the BOP can only administer the sentence as issued by the trial court. Until Mr. Attanasio's sentence is modified, the BOP is tasked to administer the sentence as outlined on the J&C. Therefore, the BOP is not improperly administering the sentence imposed upon Mr. Attanasio by the United States District Court for the Eastern District of New York

*Sentence Challenge*
*Safety Provision of 28 U.S.C. § 2255*

To the extent Mr. Attanasio seeks to alter the sentence he is serving, a § 2241 is not the proper forum. Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Cabrera v. United States*, 972 F.2d 23, 25-26 (2d Cir.1992); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979). Therefore, he generally cannot attack his sentence through a petition filed pursuant to

28 U.S.C. §2241.  *See* 28 U.S.C. §2255(e).[1]  The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Bradshaw*, 86 F.3d at 166.

The Court is aware that 28 U.S.C. § 2255 provides a safety valve wherein a federal prisoner may challenge his conviction or imposition of sentence pursuant to §2241, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir.1997).  As a matter of law, a §2255 challenge is not considered inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999) (per curiam).  Moreover, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), *cert. denied*, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate.  *See In re Davenport*, 147 F.3d 605, 608 (7th Cir.1998).

Mr. Attanasio originally filed this petition in the court that sentenced him by filing a hybrid "2255/2241" action.  He states that "both the imposition of the sentence by the District Court, as well as the implementation are challenged, and the dual nature of the challenge invokes the savings

---

[1] The statute states, in relevant part: "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him . . .."

clause of the 28 U.S.C. § 2255(e), directing use of § 2241." (Doc. No. 5 at 12.) This is not, however, an argument that his remedy under §2255 is inadequate or ineffective. Only those prisoners who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241. *See Lott v. Davis*, No. 03-6172, 2004 WL 1447645, at *2 (6th Cir. June 18, 2004)(unpublished)("it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause.") Without establishing that his §2255 remedy is inadequate or ineffective to test the legality of his sentence, Mr. Attanasio cannot seek § 2241 relief from this Court to challenge the sentence he is now serving.[2]

*Conclusion*

Based on the foregoing, Mr. Attanasio's habeas claims against the BOP are dismissed pursuant to 28 U.S.C. § 2243, but without prejudice to any Motion to Vacate he may choose to file in the sentencing court pursuant to 28 U.S.C. § 2255. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

      IT IS SO ORDERED.
DATE: 10/16/13                                                    /s/ John R. Adams
                                                                JOHN R. ADAMS
                                                                UNITED STATES DISTRICT JUDGE

---

[2] Mr. Attanasio is free to file a §2255 motion in the sentencing court, but this Court will not construe his present petition as a §2255 motion. *See In re Shelton*, 295 F.3d 620, 622 (6th Cir.2002)("'[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255'") (citing *Adams v. United States*, 155 F.3d 582, 584 (2nd Cir.1998)).

[3] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."